NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

JODIE F., *Appellant*,

*v.*

KYLE Y., *Appellee*.

No. 1 CA-JV 15-0415
FILED 6-7-2016

Appeal from the Superior Court in Mohave County
No. B8015SV201404010
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Jodie Ferguson, Lake Havasu City
*Appellant*

Kyle Young, Lake Havasu City
*Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Judge John C. Gemmill joined.

**T H U M M A**, Judge:

¶1        Jodie F. (Mother) appeals an order denying her petition to terminate Kyle Y.'s (Father) parental rights to their child B.Y. Because Mother has shown no legal error, the order is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        B.Y. was born in 2004. Mother and Father were never married, and always lived separately. When B.Y. was 10, Mother filed a petition to terminate Father's parental rights, so that her husband could adopt B.Y. Mother alleged Father abandoned B.Y., pursuant to Arizona Revised Statutes (A.R.S.) section 8-533(B)(1) (2016).[2] Father denied the allegation and the court held an adjudication hearing.

¶3        At the adjudication, the court heard testimony from Mother, B.Y.'s step-father, Mother's siblings, Father and his mother received exhibits. Although denying Mother's request for an in-camera interview with B.Y., the court noted that B.Y. favored termination. The evidence shows Father's contacts with B.Y. were sporadic, and were especially sparse from 2011 to 2014. Father acknowledged as much, but testified Mother limited his parenting time. Father stated he loved B.Y. and planned to be more diligent in the future. In addition, it was undisputed that Father regularly paid child support as required.

---

[1] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4 After taking the matter under advisement, the court denied severance. Noting it was an extremely close case, the court stated Father "continued to pay child support and was occasionally involved in the child's life." Mother appealed and this court has jurisdiction over her timely appeal[3] pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1) and 12-2101(A)(1) and Arizona Rules of Procedure for the Juvenile Court 103-04.

**DISCUSSION**

¶5 As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8–533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.,* 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.,* 196 Ariz. 246, 249 ¶ 12 (2000). This court will affirm an order so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.,* 223 Ariz. 86, 93 ¶ 18 (App. 2009). Although this court defers to the superior court on factual determinations, it reviews any issues of law de novo. *Kenneth B. v. Tina B.,* 226 Ariz. 33, 36 ¶ 15 (App. 2010).

¶6 Mother first argues "that during substantial periods in the minor child's life," Father "neglected contact with him, and consequently, has no current relationship" with B.Y. Noting a "[f]ailure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment," A.R.S. § 8-531(1), Mother asks this court "to reevaluate all aspects, including the opinions of the minor child in question, . . . and reconsider[] the original order." This court, however, does not reweigh the evidence. Instead, this court defers to the superior court's factual findings, recognizing that court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C.,* 223 Ariz. at 93 ¶ 18 (citation omitted).

---

[3] Mother first filed a notice of appeal that was missing requisite language. This court issued an order suspending the appeal and the superior court then issued an order striking the appeal. At Mother's request, the court allowed the filing of a delayed amended notice of appeal, which Mother timely filed.

¶7        The superior court noted the decision was "a close call," with each side "presenting compelling arguments" and the issue was "not easily answered." In the end, "[b]ased on the facts presented and the application of those facts to the law," the court denied the petition. Mother has not shown the court abused its discretion in considering the evidence by reaching that conclusion.

¶8        Mother next appears to challenge the denial of her request that the court meet with B.Y. in camera. The order denying severance, however, stated "that despite the Court not granting the In-Camera Interview of the child, . . . the evidence shows he would support the severance." Accordingly, Mother has shown no abuse of discretion in denying the in-camera interview request and has not shown how such an interview would have changed the outcome.

¶9        Finally, Mother concedes that Father is "in fact paying child support regularly," adding that she "never attempted to prove that element of abandonment." The statutory definition of "Abandonment" includes "the failure of a parent to provide reasonable support." A.R.S. § 8-531(1). Accordingly, the superior court properly could have considered Father's payment of support in denying the petition.

¶10        One additional issue merits discussion. Quoting *In re Maricopa County Juvenile Action No. JS-500274*, 167 Ariz. 1, 4 (1990), the order denying severance stated abandonment under A.R.S. § 8-533(B)(1) turns on "'evidence of intentional conduct on the part of a parent that evinces a settled purpose to forgo all parental duties and relinquish all parental claims to the child.'" "In 1994, however, the [L]egislature removed the parent's intent from the definition of abandonment." *Kenneth B.*, 226 Ariz. at 37 ¶ 15. As a result, "abandonment is measured not by a parent's subjective intent, but by the parent's conduct: the statute asks whether a parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship." *Michael J.*, 196 Ariz. at 249-50 ¶ 18. Notwithstanding this change in legal focus from intent to conduct, the record supports the finding that Father "continued to pay child support and was occasionally involved in the child's life." Moreover, and acknowledging this was a close case, the record shows that the superior court did not abuse its discretion in denying the petition.

¶11 Although affirming the court's ruling, it bears repeating the superior court's statement that "[i]t is clear that [B.Y.] loves living in the home with his Mother and Step-Father and loves the lifestyle he has become accustomed to." And as noted by that court, nothing in this case changes that statement.

## CONCLUSION

¶12 The order denying Mother's petition for severance is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA